Filing # 13585029 Electronically Filed 05/13/2014 11:05:45 AM

IN THE CIRCUIT COURT FOR PINELLAS COUNTY, FLORIDA

Janet Farnham, on behalf of
herself and similarly situated,

Plaintiffs

vs.

Case No:
COLLECTIVE ACTION

Allied Staff Augmentation Partners, Inc.,
Duke Energy Florida, Inc., Richard Barns,
Lynn Good, and Jennifer Weber,

Defendants.
______________________________/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Janet Farnham, on behalf of herself and similarly situated employees, sues Defendants Allied Staff Augmentation Partners, Inc., Duke Energy Florida, Inc., Richard Barns, Lynn Good, and Jennifer Weber (collectively, , "Employer") and states as follows:

INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 201, *et. seq.* ("FLSA") to recover unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs owed to Plaintiff and similarly situated employees.

2. During the three (3) years prior to the filing of this action ("Liability Period"), Employer had a policy and practice of requiring Plaintiff and similarly situated employees to work in excess of forty (40) hours each workweek without paying them wages and/or overtime compensation as required by the FLSA.

3. Pursuant to the FLSA Plaintiff seeks unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs from Employer on behalf of herself and



***ELECTRONICALLY FILED 5/13/2014 11:05:44 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

tabbies EXHIBIT 1

similarly situated employees.

4. Subsequent to the filing of this action, Plaintiff will request the Court to authorize notice to all similarly situated employees who are or were employed by Employer during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA.

JURISDICTION, VENUE, AND PARTIES

5. This Court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $15,000.00, exclusive of attorneys' fees, costs, and interest.

6. Venue is proper under Chapter 47, Florida Statutes, because (1) Plaintiff's claim arose in and Employer breached its duties to Plaintiff in Pinellas County, Florida and/or (2) Defendant Duke Energy Florida, Inc. has, or usually keeps, an office for transaction of its customary business or has an agent or other representative in Pinellas County, Florida.

7. During the Liability Period, Employer was an enterprise engaged in commerce as defined by the FLSA in that they (a) had employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) had an annual gross volume of sales made or business done that is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

8. During the Liability Period, Plaintiff and similarly situated employees were directly and regularly engaged in interstate commerce.

9. During the Liability Period, Defendant Allied Staff Augmentation Partners, Inc. was an "employer" subject to the requirements of the FLSA.

10. During the Liability Period, Plaintiff and similarly situated employees were employees of Defendant Allied Staff Augmentation Partners, Inc. within the meaning of FLSA.

11. During the Liability Period, Defendant Allied Staff Augmentation Partners, Inc. was an employer of Plaintiff and similarly situated employees within the meaning of the FLSA.

12. During the Liability Period, Defendant Duke Energy Florida, Inc. was an "employer" subject to the requirements of the FLSA.

13. During the Liability Period, Plaintiff and similarly situated employees were employees of Defendant Duke Energy Florida, Inc. within the meaning of FLSA.

14. During the Liability Period, Defendant Duke Energy Florida, Inc. was an employer of Plaintiff and similarly situated employees within the meaning of the FLSA.

15. During the Liability Period, Defendant Richard Barns was the owner, operator, executive, and/or manger of Defendant Allied Staff Augmentation Partners, Inc., controlled Defendant Allied Staff Augmentation Partners, Inc. day-to-day operations and/or exercised direct or indirect control over Plaintiff and similarly situated employees, and is responsible for the illegal pay practices alleged herein.

16. During the Liability Period, Defendant Richard Barns was an "employer" subject to the requirements of the FLSA.

17. During the Liability Period, Plaintiff and similarly situated employees were employees of Defendant Richard Barns within the meaning of FLSA.

18. During the Liability Period, Defendant Richard Barns was an employer of Plaintiff and similarly situated employees within the meaning of the FLSA.

19. During the Liability Period, Defendant Lynn Good was the owner, operator, executive, and/or manger of Defendant Duke Energy Florida, Inc., controlled Defendant Duke

Energy Florida, Inc. day-to-day operations and/or exercised direct or indirect control over Plaintiff and similarly situated employees, and is responsible for the illegal pay practices alleged herein.

20. During the Liability Period, Defendant Lynn Good was an "employer" subject to the requirements of the FLSA.

21. During the Liability Period, Plaintiff and similarly situated employees were employees of Defendant Lynn Good within the meaning of FLSA.

22. During the Liability Period, Defendant Lynn Good was an employer of Plaintiff and similarly situated employees within the meaning of the FLSA.

23. During the Liability Period, Defendant Jennifer Weber was the owner, operator, executive, and/or manger of Defendant Duke Energy Florida, Inc., controlled Defendant Duke Energy Florida, Inc. day-to-day operations and/or exercised direct or indirect control over Plaintiff and similarly situated employees, and is responsible for the illegal pay practices alleged herein.

24. During the Liability Period, Defendant Jennifer Weber was an "employer" subject to the requirements of the FLSA.

25. During the Liability Period, Plaintiff and similarly situated employees were employees of Defendant Jennifer Weber within the meaning of FLSA.

26. During the Liability Period, Defendant Jennifer Weber was an employer of Plaintiff and similarly situated employees within the meaning of the FLSA.

## GENERAL ALLEGATIONS

27. Plaintiff is a former employee of Employer who worked for them from approximately January 2012 to April 2014.

28. Plaintiff and similarly situated employees were paid on an hourly basis.

29. The duties of Plaintiff and similarly situated employees were such that they did not satisfy the requirements of any of the exemptions set forth in the FLSA.

30. Plaintiff and similarly situated employees regularly worked in excess of forty (40) hours a workweek for Employer.

31. Despite regularly working in excess of forty (40) hours a workweek, Plaintiff and similarly situated employees were prevented from reporting all or part of their overtime hours on their time records.

32. Plaintiff and similarly situated employees were not paid time and a half their regular rates of pay for the overtime hours they worked.

33. Employer, through their managerial employees, had knowledge that Plaintiff and similarly situated employees were working over forty (40) hours a workweek and were not receiving overtime compensation as required by the FLSA.

34. Employer did not make, keep, or preserve accurate records of the hours that Plaintiff and similarly situated employees worked as required by the FLSA.

35. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay her legal counsel a reasonable fee for their services.

36. Plaintiff demands a trial by jury on all issues so triable.

COUNT I

(Violations of the FLSA Overtime Provisions as Against All Defendants)

37. Plaintiff realleges paragraphs 1 through 36, above.

38. Employer's failure to pay Plaintiff and similarly situated employees wages and/or overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

39. Because of the above, Plaintiff and similarly situated employees has suffered damages.

40. Employer's violations of the FLSA were willful.

WHEREFORE, Plaintiff demands judgment against Employer for the following:

a. damages in the amount of the unpaid wages and/or overtime compensation owed to them,
b. liquidated damages pursuant to the FLSA,
c. prejudgment interest,
d. reasonable attorneys' fees and costs pursuant to the FLSA, and
e. all such other relief as the Court deems just, equitable, and appropriate.

JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated May 13, 2014.

Respectfully submitted,

JOHN BALES ATTORNEYS

Michael Schuette
Florida Bar No. 106181
A Bales Professional Association
Service Email:
Team-EmploymentLaw@JohnBales.com
9700 Dr. Martin Luther King, Jr. St., Suite 400
St. Petersburg, Florida 33702
Telephone: (727) 823-9100
Facsimile: (727) 579-9109
Attorneys for Plaintiff